IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RICHARD W. CLARK,

        Plaintiff,

v.

MEDIATION CASE MANAGER, LLC, et al.

        Defendants.

Civ. No. 6:24-cv-541-MC

OPINION AND ORDER

**MCSHANE, Judge**:

      Plaintiff, proceeding *pro se*, filed this action challenging foreclosure proceedings and the parties' participation in Oregon's Foreclosure Avoidance Program ("OFAP"). Plaintiffs have filed numerous other actions challenging the foreclosure proceedings. Two years ago, this Court dismissed a similar action brought by Plaintiff Richard Clark. *See Richard W. Clark, as Trustee of the Richard W. Clark and Merri Sue Clark Revocable Living Trust, v. LSF9 Master Participation Trust, et al.*, Civ. No. 6:20-cv-295-MC, 2022 WL 900540 (D. Or.). There, Clark sought a declaratory judgment stating Defendants had no legal or equitable rights in the note or deed of trust and no standing to institute foreclosure proceedings on the property. *Id.* at 1. The Court noted that because Clark admitted, during 2009 bankruptcy proceedings, that Wells Fargo was a secured creditor of the loan at issue, Clark was judicially estopped from later taking the opposite position. *Id.* at 4. The Court also concluded that neither Wells Fargo nor its successors in interest were barred by claim and/or issue preclusion from bringing judicial or nonjudicial foreclosure

1 – OPINION AND ORDER

proceedings going forward. *Id.* at 3. On appeal, the Ninth Circuit affirmed. No. 22–35343, 2023 WL 5696530 (Sept. 5, 2023).

Plaintiff and his wife filed another action alleging Defendant Quality Loan Service Corporation of Washington, acting as an agent of Defendant U.S. Bank Trust, initiated wrongful foreclosure proceedings against Plaintiffs. *Clark v. Phelps*, Civ. No. 21–cv–1139 ("*Clark II*"). Many of Plaintiffs' claims stem from the argument that any foreclosure is barred due to the dismissal of Wells Fargo's attempted judicial foreclosure several years ago. As noted above, however, the Court rejected that argument in the 2020 action Clark brought as Trustee of the Clark's Living Trust. *Clark II*, 2023 WL 2611142, at *1 (D. Or. Mar. 23, 2023) (citing *Clark*, 2022 WL 900540 at *3–4). There, the Court also rejected Clark's argument that any foreclosure claims are barred because the state court dismissed Wells Fargo's judicial foreclosure claims with prejudice. *Id.* at 2-3. This Court held Clark's argument failed for several reasons including: (1) the state court only dismissed Clark's claims (and not Wells Fargo's claims) with prejudice; and (2) claim and issue preclusion did not apply as nonjudicial foreclosure proceedings did not qualify as "successive litigation." *Id.* As in the earlier case, Plaintiffs sought declaratory relief:

> to declare that none of the Defendants have no [sic] legal or equitable rights in the Note or the DOT for purposes of foreclosure and that none of the Defendants have no [sic] legal standing to institute or maintain foreclosure on the Property, and to further permit Plaintiffs to seek permanent injunctive relief forever barring any of the Defendants from ever seeking to foreclose on the Property.

*Id.* at ¶ 34.

Plaintiffs also brought a fraud claim against Defendant U.S. Bank Trust and its agent, Defendant Caliber Home Loans, Inc. For that claim, Plaintiffs alleged those Defendants made false statements claiming Caliber was the successor in interest to Wells Fargo and entitled to enforce the Note and Deed of Trust. *Id.* at ¶ 47.

2 – OPINION AND ORDER

**STANDARDS**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678.

While considering a motion to dismiss, the court must accept all allegations of material fact as true and construe those facts in the light most favorable to the non-movant. *Burget v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000). But the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. If the complaint is dismissed, leave to amend should be granted unless "the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

**DISCUSSION**

After concluding Plaintiffs fraudulently joined the non-diverse parties, the Court proceeded to the merits and noted "The Court agrees with Defendants that the underlying theme of Plaintiffs' arguments is based on ta theory this Court rejected in Plaintiffs' 2020 action." *Clark II*, 2023 WL 2611142, at *4. This Court concluded rulings made "in the 2020 Clark action bar many of Plaintiffs' claims here." *Id.* at *5. Plaintiffs' other claims were time-barred. *Id.* at *5–7. Finally, the Court concluded, "It appears to the Court that Plaintiffs' goal in numerous litigations is not to determine who they owe, but rather to prolong, for as long as possible, any attempted foreclosure

3 – OPINION AND ORDER

proceedings." *Id.* at *7. In denying Plaintiff's motion for leave to file yet another amended complaint, the Court noted:

> The Fifth Amended Complaint relies on the same mistaken assumptions underlying the earlier complaints; i.e., (1) that any successor of Wells Fargo's interest is barred from foreclosing and (2) that Plaintiffs may challenge the obligation despite what they affirmed during 2009 bankruptcy proceedings. Additionally, Plaintiffs' other claims are barred by the applicable statutes of limitations.

*Id.* at *8.

Plaintiff's current claims, against the same Defendants, challenging the same foreclosure proceedings, suffer from the same deficiencies and are barred by *res judicata*. "Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (quoting *West'n Radio Servs. Co. Glickman*, 143 F.3d 1196, 1200 (9th Cir. 1998)). "The doctrine is available whenever there is: "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." *Id.* Here, all of Plaintiff's claims "arise out of the same transactional nucleus of facts" as has been previously adjudicated in the prior proceedings. *Id.* at 714 (quoting *Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000). Although Plaintiff argues he has yet to challenge the 2023 foreclosure proceedings, the arguments raised there merely rehash, and rest upon, arguments this Court previously rejected in both prior federal actions.[1] Any other ruling would simply permit Plaintiff to file new, frivolous actions any time Defendants initiated new foreclosure proceedings following any courts latest rejection of this Plaintiff's last, identical challenge to the prior foreclosure proceedings. In fact,

---

[1] For example, Plaintiff's latest filing explicitly argues, once again, that Wells Fargo "is not a 'person entitled to enforce' their copy of the Clarks' unendorsed promissory note to Bank United of Texas." ECF No. 19-1, 2. This argument ignores, intentionally or otherwise, the Ninth Circuit opinion that this Court "did not abuse its discretion by invoking judicial estoppel to bar Clark from relitigating the ownership of his loan." 2023 WL 5696530, at *2 (Sept. 5, 2023 Mem. Disp. affirming this Court's Judgment in *Clark I*).

4 – OPINION AND ORDER

this tact appears to be Plaintiff's entire litigation strategy that, to date, has been successful in delaying foreclosure proceedings over many years.

## CONCLUSION

Defendants' Motions to Dismiss, ECF Nos. 7, and Motion for Judgment, ECF No. 10, are GRANTED. This action is DISMISSED, with prejudice. Any remaining motions are DENIED as moot.

IT IS SO ORDERED.

DATED this 12th day of July, 2024.

                                                _____/s/ Michael McShane_____
                                                       **Michael J. McShane**
                                          **United States District Judge**